COOK, Justice
(concurring in part and dissenting in part).
The majority affirms, without opinion, a summary judgment entered in favor of General Parts, Inc. (“GPI”), and against Ronald Evans in Evans’s action against GPI alleging fraudulent suppression and breach of contract.[1] The trial court correctly entered the summary judgment on the suppression claim, but I think it erred in entering the summary judgment as to the breach-of-contract claim. Therefore, because the majority affirms the trial court’s judgment in toto, I concur in part and respectfully dissent in part.
In late 1991, Evans and GPI executed a contract pursuant to which Evans was to operate AAA Auto Parts, in Auburn, as an “independent jobber” for GPI.[2] It provided in pertinent part:
“4. CARQUEST JOBBER [Evans] agrees to participate in promotional activities included in the Carquest Program and agrees to pay to GPI a monthly fee which entitles CARQUEST JOBBER to all the benefits of the complete marketing program of GPI including advertising, promotions, merchandising, computer program development, competitive pricing, marketing rebate plans, accounting service development, and overall management assistance.”
Brief of Appellants, at 11 (emphasis added by appellants).
Immediately thereafter, AAA Auto Parts began losing money and the business relationship between Evans and GPI deteriorate ed. Throughout 1992, GPI negotiated with Evans for the purchase of his business. In December 1992, GPI purchased AAA Auto Parts from Evans, but allowed him to manage it. However, the relationship continued to deteriorate throughout 1993, and, in mid-1993, GPI terminated Evans’s employment.
On November 26, 1996, Evans filed a complaint against GPI and others. The complaint contained counts alleging fraudulent suppression and alleging breach of the “Carquest Jobber” contract. The allegations underlying Evans’s complaint are that GPI intentionally forced him out of business in order to eliminate competition between AAA Auto Parts and Taylor Parts, a “jobber” store owned by GPI and referred to by the parties as a “joint venture,” or “JV” store. Taylor Parts was located in close proximity — approximately .9 mile — to Evans’s store.
GPI moved for a summary judgment. Evans filed documents in response to that motion, including his own 10-page affidavit. GPI moved to strike the affidavit, arguing that certain statements it contained conflicted with statements Evans had made earlier *1250 in depositions in cases by other plaintiffs against the same defendants. The trial court granted the motion to strike the affidavit and granted GPI’s motion for summary judgment. Evans appealed from the summary judgment.
GPI attacks Evans’s affidavit as though the resolution of this case turns on it. It does not. Indeed, Evans’s first claim in the complaint reads:
“Defendants breached the ... contract to make [Evans’s] store an independent jobber store in that they treated [Evans] differently from the way they dealt with company-owned joint venture stores by:
“a. Allowing special secret discounts to the joint venture stores that were not allowed to [Evans] and other independently owned jobber stores .... ”
Brief of Appellants, at 15 (emphasis added). In fact, the appellees concede that GPI had “an automatic deposit arrangement” whereby its company-owned “joint venture” stores would automatically receive a periodic discount, Brief of Appellees, at 19-20, “for prompt payments of bills owned [sic] GPI.” Brief of Appellant, at 10. Evans contends that the independent stores, like his, could not automatically receive this “cash discount,” and he argues that this arrangement, and others, violated the contract he executed with GPI to become an independent jobber. Evans argues that, at a minimum, the term “competitive pricing” is an ambiguous provision and that whether GPI’s practice violated that provision should be determined by a jury.
I agree with that argument. In other words, the appellees have conceded that they engaged in a practice that, at least arguably, violates the contract. For that reason, I respectfully dissent from the affirmance of the summary judgment as to the contract claim.
SHORES, J., concurs.

. In some regards Nancy Evans participated with her husband Ronald Evans in the business activities that gave rise to this lawsuit, and she joined him as a plaintiff.

. A "jobber” is one who "sells [automobile] parts at retail to walk-in do-it-yourself customers and also at wholesale to garages and like businesses which then sell the parts to their own customers by installing them on the customers’ vehicles.” Brief of Appellant, at 6, n.6.